IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSHUA C. SHARPE,

        Petitioner,

   v.

MARK NOOTH, Superintendent,
Snake River Correctional Institution,

        Respondent.

Civil No. 2:14-cv-01014-PK

FINDINGS AND RECOMMENDATION

    MICHELLE SWEET
    Assistant Federal Public Defender
    101 SW Main Street
    Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    ELLEN F. ROSENBLUM
    Attorney General
    SAMUEL A. KUBERNICK
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

PAPAK, Magistrate Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  For the reasons that follow, the Amended Petition for Writ of Habeas Corpus should be DENIED, and Judgment should be entered dismissing this action with prejudice.

## PROCEDURAL BACKGROUND

In April 2010, a Lane County grand jury indicted Petitioner on 37 separate counts, including offenses of Identity Theft, Theft in the First Degree, Burglary in the Second Degree, and Felon in Possession of a Firearm.  The charges arose from a series of robberies and identity thefts Petitioner committed in December 2009 and January 2010.  Petitioner ultimately pleaded guilty to all of the charged offenses and agreed to a 20-year term of imprisonment.

Petitioner did not directly appeal from the judgment of conviction or sentence.  Petitioner did seek state post-conviction relief ("PCR"), asserting several claims of ineffective assistance of trial counsel.  Following an evidentiary hearing, the PCR trial court denied relief.  Resp. Exh. 125.  Petitioner appealed, but the Oregon Court of Appeals granted the state's motion for summary affirmance.  Resp. Exh. 131.  The Oregon Supreme Court denied review.  Resp. Exh. 130.

On June 23, 2014, Petitioner file a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Counsel was appointed to represent Petitioner, and currently before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus. Petitioner alleges two claims for relief:

> **Ground One:**    [Petitioner] was denied effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution when his trial attorney failed to ensure that his guilty plea was knowing, intelligent and voluntary.   [Petitioner's] trial attorney effectively forced [Petitioner] to plead guilty because counsel failed to prepare for trial:  he failed to interview key witnesses; failed to investigate; failed to find and hire appropriate experts; failed to adequately review the discovery or provide [Petitioner] with all of his discovery; failed to adequately pursue motions, including a motion to suppress evidence; failed to explain the nature of the charges; failed to properly advise [Petitioner] regarding the potential outcome at trial; and failed to provide [Petitioner] adequate and accurate information regarding the potential sentence he could face if he went to trial.  In addition, trial counsel did not allow [Petitioner] enough time to consider the plea offer or explain the consequences of the plea offer.  The guilty plea was effectively coerced and had [Petitioner] received effective assistance of counsel he would have proceeded to trial.
>
> **Ground Two:**    [Petitioner] was denied effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution when his trial attorney failed to ensure that his waiver of appeal and and collateral remedies was knowing, intelligent and voluntary.  The guilty plea and waivers were effectively coerced.

In his counseled Brief in Support, Petitioner addresses only the claim alleged in Ground One that his Sixth Amendment right to effective assistance of counsel was violated when his trial

3 - FINDINGS AND RECOMMENDATION -

attorney failed to ensure that his guilty plea was knowing, intelligent, and voluntary. Respondent argues the state PCR trial court's denial of relief on this claim was not objectively unreasonable, and is entitled to deference in this Court. Respondent further argues that Petitioner failed to meet his burden of proof on the claim alleged in Ground Two which was not addressed in his Brief in Support.

## DISCUSSION

### I. Unargued Claim

As noted, Petitioner does not provide argument to support the merits of the claim alleged in his second ground for relief. A petitioner seeking federal habeas relief bears the burden of showing the court he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. dismissed*, 545 U.S. 1165 (2005). Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true expect to the extent that the judge finds from the evidence that they are not true."

The Court has reviewed the record and finds Petitioner has not met his burden of showing he is entitled to relief on the claim alleged in Ground Two. The Court's review of the state

proceedings confirms that Petitioner procedurally defaulted this claim, and that there is no evidence of cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default.

## II.  Merits

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The state court's findings of fact are presumed correct, and a petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court acts "contrary to" clearly-established federal law if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  A state court decision is an "unreasonable application" of clearly-established federal law if the court:  (1) identifies the correct governing legal principle from Supreme Court

decisions, but unreasonably applies that principle to the facts of the prisoner's case; or (2) either unreasonably refuses to extend the governing legal principle or unreasonably extends it to a new context where it should not apply. *Id.* at 407, 413. Under this standard of review, a federal court may not issue a writ of habeas corpus because it concludes the state court applied clearly-established federal law erroneously or incorrectly; the state court decision must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

A claim of ineffective assistance of counsel requires the petitioner to prove that counsel's performance was deficient, and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1987); *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91. If there is a failure of proof on either prong, habeas relief is not warranted. *Murray v. Schriro*, 746 F.3d 418, 457 (9th Cir. 2014).

*Strickland* applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). In order to establish prejudice in the guilty plea context, petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hibbler v. Benedetti*, 693 F.3d

1140, 1150 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 1262 (2013); *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007); *Hill*, 474 U.S. at 59.

Because "plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks," strict adherence to the deferential *Strickland* standard is "all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S. 115, 124 (2011). The issue is not whether this court believes the state court's determination under *Strickland* was incorrect, but whether that determination was unreasonable, a substantially higher threshold. *Knowles v. Mirzayance*, 556 U.S. 111, 123-24 (2009); *Hibbler v. Benedetti*, 693 F.3d at 1146.

Petitioner argues that he was denied effective assistance of trial counsel when his attorney failed to adequately certify that his guilty plea was knowing, voluntary, and intelligent. Petitioner contends he was effectively "coerced" into pleading guilty because he believed his attorney was unprepared for trial and because Petitioner had inadequate time to consider the plea offer, which was made the morning Petitioner's case was set for trial.

At the plea hearing, the criminal trial judge engaged in an extensive colloquy with Petitioner about his understanding of the plea agreement, his understanding of the sentence the parties had agreed to, and his understanding of the rights he was waiving by pleading guilty. Resp. Exh. 104, pp. 5-12. Specifically, the trial judge asked Petitioner whether he had read the plea petition, whether he understood its terms, and whether he had had enough time to discuss the terms with his trial attorney prior to signing. Resp. Exh. 104, pp. 4-5. Petitioner responded "yes," to all of those questions. Resp. Exh. 104, pp. 4-5.

The trial judge then asked Petitioner whether he was satisfied with his trial attorney's representation, to which Petitioner initially responded "not really, no." Resp. Exh. 104, p. 8. Petitioner explained that, while he had agreed to the plea, he was not satisfied with his attorney's representation. Resp. Exh. 104, p. 9. The trial judge questioned Petitioner further on the issue, asking him whether was satisfied that counsel had answered all of Petitioner's questions and had explained to Petitioner, sufficiently, the options and the ramifications of Petitioner's conduct. Resp. Exh. 104, p. 9. Petitioner agreed that counsel had done so, and that counsel had done a "fine" job of handling his case. Resp. Exh. 104, pp. 9-10. The trial judge ultimately found that Petitioner's agreement to enter guilty pleas was being made knowingly and voluntarily. Resp. Exh. 104, p. 25.

8 - FINDINGS AND RECOMMENDATION -

In an affidavit submitted by Petitioner's trial counsel in the PCR proceedings, counsel averred that all plea offers were fully discussed with Petitioner, and as much time as possible was given to him to make decisions as to whether to accept an offer. Resp. Exh. 118, p. 5. Counsel also described the extensive plea negotiations which had occurred: Petitioner was give five different settlement offers between March 1 and April 26, the date the case was set for trial. Resp. Exh. 118, p. 4. Finally, on April 26, the date set for trial, the state offered 20 years with eligibility for good-time credit, which Petitioner accepted. Resp. Exh. 118, p. 5. Counsel noted that although Petitioner may not have had a lot of time to consider the last offer the state made on the day scheduled for trial, counsel fully explained the offer to Petitioner and informed Petitioner of his options and the potential consequences of the various options.[1] Resp. Exh. 118, p. 5.

Trial counsel's affidavit also outlined the extensive investigation undertaken in preparation for Petitioner's trial, including numerous meetings with Petitioner and separately with an investigator (who himself spent a large amount of time on the

---

[1] Along with his affidavit, trial counsel submitted a copy of a lengthy letter he had written to Petitioner in March 2010 which explained the charges against him, the state's settlement offers, and the sentencing exposure Petitioner faced if convicted of some or all of the charges. Resp. Exh. 133.

case), and the retention of two forensic experts. Resp. Exh. 118, p. 4. According to counsel, he was "fully prepared" to go to trial if petitioner had elected to reject the final plea offer made by the state. Resp. Exh. 115, p. 5.

In contrast, Petitioner submitted no evidence to the PCR trial court in support of his claim that counsel was not prepared for trial. Petitioner simply made vague allegations of counsel's alleged lack of readiness, and although Petitioner stated in his declaration to the PCR court that the "lack of a DNA specialist, a necessary part of our defense, is but one example of the lack of preparation" he did not, however, submit any evidence to show what benefit a DNA expert would have provided to his defense. Resp. Exh. 111, p. 2.

The PCR trial judge rejected Petitioner's claim of ineffective assistance, finding as follows:

> Petitioner failed to prove any of the claims set forth in his petition.
>
> 1.  The affidavit of trial counsel and the transcript of the plea hearing demonstrates [sic] that the entry of guilty plea pursuant to a plea agreement was knowingly, intelligently and voluntarily entered. The Petitioner received a substantial benefit from the plea agreement in form of the agreement to limit the sentence to 20 years in prison and the agreement of the state not to file additional significant charges. Petitioner repeatedly advised the trial judge that he was satisfied with his attorney's performance, that he understood the terms of the plea agreement and that he had adequate time to confer with his attorney about the plea agreement. The final plea agreement

which Petitioner accepted was not the first offer but was the conclusion of a lengthy plea negotiations as set forth in Exhibit 104. The attached letter to Exhibit 104 shows the length to which the trial attorney went to keep Petitioner advised of his options.

\* \* \*

3.   There is no credible evidence to support the claim that the trial attorney failed to adequately investigate the case. The affidavit of [trial counsel] is to the contrary and is more credible than the declaration of the Petitioner. There is no showing of new evidence that the trial attorney failed to discover or prepare that was likely to have changed the outcome of the case.

\* \* \*

6.   There is a lack of credible proof that the trial attorney failed to adhere to any ABA standards and that failure likely affected the outcome of his case.

\* \* \*

8.   There is not credible proof that the trial attorney knew of and failed to advise the Petitioner that the state had no evidence to support counts 7, 8. 9, 10, 12, 13, 15, 16, 17, 18, 19, 21, 22, 24, 25, 27, 28, and 33 of the indictment. The record indicates that there was ample evidence available to the state to secure a conviction on all of those counts.

Resp. Exh. 125, pp. 1-3.

Upon a review of the record, the PCR trial court's conclusion that trial counsel was not constitutionally deficient was not objectively unreasonable. Accordingly, the PCR trial court's decision that Petitioner was not denied the right to effective

assistance of counsel is neither contrary to, nor an unreasonable application of, clearly established law.[2]

### RECOMMENDATION

For these reasons, the Amended Petition for Writ of Habeas Corpus (#21) should be DENIED, and judgment should enter dismissing this case with prejudice.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED. *See* 28 U.S.C. § 2253(c)(2).

### SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

---

[2]Having found counsel's performance was not deficient, the court need not address *Strickland's* prejudice requirement. *Murray*, 746 F.3d at 457; *see also Chapman v. Lampert*, 371 Fed.Appx. 742, 746 (9th Cir. 2010) (it is well established that failure to satisfy either prong of the *Strickland* test obviates the need to consider the other).

12 - FINDINGS AND RECOMMENDATION -

**NOTICE**

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this ____4th____ day of February, 2016.

_____
Paul Papak
United States Magistrate Judge

13 - FINDINGS AND RECOMMENDATION -