IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSHUA C. SHARPE**, | Case No. 2:14-cv-1014-PK |
| Petitioner, | **ORDER** |
| v. | |
| **MARK NOOTH**, Superintendent, Snake River Correctional Institution, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on February 4, 2016. Dkt. 39. Judge Papak recommended that Petitioner's Petition for Habeas Corpus be denied and that a certificate of appealability not be issued.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Petitioner timely filed an objection. Dkt. 41. Petitioner argues that Judge Papak erroneously concluded that the post-conviction review ("PCR") judge's determination that Petitioner was not provided with ineffective assistance of counsel was not objectively unreasonable nor contrary to or an unreasonable application of clearly established law and that Judge Papak applied too stringent of a standard in concluding that a certificate of appealability should not issue. The Court has reviewed *de novo* those portions of Judge Papak's Findings and Recommendation to which Petitioner has objected, as well as the underlying briefing and record before Judge Papak. The Court agrees with Judge Papak's reasoning and conclusion that the PCR court's finding that Petitioner's trial counsel was not constitutionally deficient was not objectively unreasonable, contrary to clearly established law, nor an unreasonable application of clearly established law. The Court also agrees with Judge Papak's conclusion that a certificate of appealability should not be issued in this case. The Court finds that reasonable jurists would not debate Judge Papak's conclusion, in light of the "doubly deferential judicial review that applies to a[n ineffective assistance of counsel] claim evaluated under the § 2254(d)(1) standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The Court adopts the portions of the Findings and Recommendation to which Petitioner objected.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act

"does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Federal Rule of Civil Procedure 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge Papak's Findings and Recommendation, Dkt. 39. Petitioner's Petition for Habeas Corpus (Dkt. 21) is DENIED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 26th day of February, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge